UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELANIE GRACE SINGER,<br><br>    Plaintiff,<br><br>   v.<br><br>CALIFORNIA HIGHWAY PATROL, JEFF BAIRD, MARK McCORMACK, DANA LEACH, AND DOES 1 THROUGH 30,<br><br>    Defendants. | 1:07-cv-0193 OWW SMS<br><br>SCHEDULING CONFERENCE ORDER<br><br>Discovery Cut-Off: 5/19/08<br><br>Non-Dispositive Motion Filing Deadline: 6/2/08<br><br>Dispositive Motion Filing Deadline: 6/19/08<br><br>Settlement Conference Date: 6/17/08 10:00 Ctrm. 7<br><br>Pre-Trial Conference Date: 8/25/08 11:00 Ctrm. 3<br><br>Trial Date:  10/7/08 9:00 Ctrm. 3 (JT-10 days) |

I.   Date of Scheduling Conference.

    July 11, 2007.

II.  Appearances Of Counsel.

    Daniel S. Kodam, Esq., appeared on behalf of Plaintiff.

    Ernesto J. Fong, Esq., Deputy Attorney General, appeared on behalf of Defendants.

III. Summary of Pleadings.

    1.   Plaintiff asserts that the CHP by and through its

1

management, Jeffrey Baird, Mark McCormack, and Dana Leach, created a hostile work environment against her, discriminated against her due to her gender, and unlawfully retaliated against her when she complained about the hostile work environment and discrimination.

2. Plaintiff seeks an award of compensatory damages, punitive damages, interest, costs and attorney's fees.

3. Defendants, CHP, Jeffrey Baird, Mark McCormack, and Dana Leach, assert that they did not maintain or create a hostile work environment for Plaintiff, nor did they engage in or allow harassment, discrimination or unlawful retaliation against Plaintiff. All the allegations raised in Plaintiff's Amended Complaint are either unfounded or insufficient to rise to the level of discrimination, harassment, hostile work environment, or unlawful retaliation. At all relevant times, Defendants followed CHP policy and the same policy dictated each of Defendants' actions toward Plaintiff.

4. Defendants also seek that judgment be entered in favor of Defendants and against Plaintiff on the First Amended Complaint and that Plaintiff take nothing by way of the First Amended Complaint. Last, Defendants also seek that the First Amended Complaint be dismissed in its entirety with prejudice, and that Defendants be awarded the costs, expenses, and attorneys fees incurred in this action.

IV. Orders Re Amendments To Pleadings.

1. At present the parties do not contemplate amending the pleadings.

///

2

**V.   Factual Summary.**

   **A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.**

      1.   Plaintiff, Melanie G. Singer, is an officer employed by the California Highway Patrol ("CHP") and a citizen of the United States.

      2.   Plaintiff is a sworn peace officer under the laws of the State of California.

      3.   Mrs. Singer is currently assigned to scale duty at the Mojave Station in Kern County, California, State and Eastern District of California.

      4.   Defendant CHP is a law enforcement agency of the State of California.

      5.   Defendant Dana E. Leach is a Lieutenant with the CHP.

      6.   Defendants Jeffrey Baird and Mark A. McCormack are Sergeants with the CHP.

      7.   At all times Defendants Leach, Baird and McCormack were acting under color of state law and in the course and scope of their public employment.

   **B.   Contested Facts.**

      1.   Defendants' contention that they followed CHP policy and investigated the matter are inaccurate.

      2.   CHP policy does not allow for the creation of a systematic hostile work environment or discrimination.

      3.   The investigation was only conducted after Plaintiff filed her allegations in court.

      4.   No corrective action has been taken and if any has

3

been taken, it was untimely.

5. Plaintiff was never assigned to the Cache Creek Scale Facility.

6. She expressed interest in the assignment, but there were no positions available.

7. No supervisor ever prohibited Plaintiff from calling the CHP office and Plaintiff's two assigned equipment lockers were left untouched while she was on her extended leaves of absence.

8. At no time did CHP find evidence of sick leave abuse at the Mojave office.

9. CHP also investigated Plaintiff's complaints and appropriate corrective action was taken when warranted.

10. In addition, Defendants followed CHP policy whenever they interacted with Plaintiff regarding work related matters.

11. Further, there was no bias from Defendants, or any CHP personnel, in regard to their interactions with Plaintiff as to work related matters.

12. Interim reporting was the appropriate corrective measure regarding Plaintiff's work performance.

13. Plaintiff's perception of certain events and actions taken by CHP do not coincide with the evidence in this case.

14. Defendants have answered the First Amended Complaint, denying and admitting various factual allegations, and has asserted a variety of defenses.

///

VI. Legal Issues.
    A.   Uncontested.
        1.   Jurisdiction exists under 28 U.S.C. § 1331 and 42 U.S.C. § 1983 et seq.
        2.   Venue is proper under 28 U.S.C. § 1391.
        3.   As to supplemental claims, the parties agree that the substantive law of the State of California provides the rule of decision.
    B.   Contested.
        1.   Whether Defendants were following appropriate CHP policy and procedures.
        2.   Whether CHP policy and procedure is legal under California and Federal law.
        3.   Whether CHP properly investigated Plaintiff's complaints.
        4.   Whether CHP took appropriate corrective action when Plaintiff raised her complaints.
        5.   Whether CHP violated Plaintiff's rights for failure to seek an interview with counsel.
        6.   Whether Plaintiff exhausted her administrative remedies as to all claims prior to filing suit.
        7.   Whether Plaintiff was harassed or subjected to a hostile work environment.
        8.   Whether Plaintiff was subjected to adverse employment action because of her participation in protected activity.
        9.   Whether Defendants discriminated against Plaintiff due to a protected class status.

        10.   Whether Plaintiff's claims are barred by the applicable statute of limitations.

        11.   Whether Plaintiff can recover damages for emotional distress.

        12.   The nature and extent of Plaintiff's injuries and damages.

        13.   Whether Plaintiff is entitled to punitive damages.

## VII. Consent to Magistrate Judge Jurisdiction.

1.   The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

## VIII. Corporate Identification Statement.

1.   Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities. A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

## IX. Discovery Plan and Cut-Off Date.

1.   The parties agree to make their initial disclosures by October 11, 2007.

2.   The parties are ordered to complete all discovery on or before May 19, 2008.

3.   The parties are directed to disclose all expert witnesses, in writing, on or before March 17, 2008. Any rebuttal or supplemental expert disclosures will be made on or before April 17, 2008. The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert

6

designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

    4.   The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions.  Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

X.   Pre-Trial Motion Schedule.

    1.   All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before June 2, 2008, and heard on July 11, 2008, at 9:00 a.m. before Magistrate Judge Sandra M. Snyder in Courtroom 7.

    2.   In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

    3.   All Dispositive Pre-Trial Motions are to be filed no later than June 19, 2008, and will be heard on July 21, 2008, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor.  In scheduling such motions, counsel shall comply with Local Rule 230.

///

XI.  Pre-Trial Conference Date.

    1.   August 25, 2008, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.   The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

    3.   Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

XII. Trial Date.

    1.   October 7, 2008, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.   This is a jury trial.

    3.   Counsels' Estimate Of Trial Time:

        a.   10 days.

    4.   Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

XIII.   Settlement Conference.

    1.   A Settlement Conference is scheduled for June 17, 2008, at 10:00 a.m. in Courtroom 7 before the Honorable Sandra M. Snyder, United States Magistrate Judge.

    2.   Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any

8

terms at the conference.

3.   Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences.  Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

4.   Confidential Settlement Conference Statement.  At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

5.   The Confidential Settlement Conference Statement shall include the following:

   a.   A brief statement of the facts of the case.

   b.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims

9

are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

    c. A summary of the proceedings to date.

    d. An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

    e. The relief sought.

    f. The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XIV. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

    1. The parties agree that the issue of the amount of punitive damages shall be tried in a second phase in a continuous trial before the same jury.

XV. Related Matters Pending.

    1. There are no related matters.

XVI. Compliance With Federal Procedure.

    1. The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California. To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVII. Effect Of This Order.

    1. The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable

to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

  2. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

  3. Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

**Dated: July 11, 2007**      **/s/ Oliver W. Wanger**
                UNITED STATES DISTRICT JUDGE