EDMUND G. BROWN JR.
Attorney General of the State of California
JACOB A. APPELSMITH
Senior Assistant Attorney General
ELIZABETH HONG
Supervising Deputy Attorney General
ERNESTO J. FONG, State Bar No. 192899
Deputy Attorney General
 300 South Spring Street, Suite 1702
 Los Angeles, CA  90013
 Telephone:  (213) 897-7936
 Fax:  (213) 897-1071
 Email:  Ernesto.Fong@doj.ca.gov

Attorneys for Defendants, California Highway Patrol,
Dana Leach, Jeffrey Baird, and Mark McCormack.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MELANIE GRACE SINGER,** | 1:07-cv-00193-OWW-SMS |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| **CALIFORNIA DEPARTMENT OF HIGHWAY PATROL, JEFF BAIRD, MARK McCORMACK, DANA LEACH, AND DOES 1 THROUGH 30,** | |
| Defendants. | |

In order to preserve and maintain the confidentiality of documents consisting of or related to personnel information of employees and former employees of the California Highway Patrol ("CHP"), and to maintain the confidentiality of medical information relating to Plaintiff, Melanie Singer, while preserving the rights of the parties to prosecute and defend against the claims and defenses in this lawsuit, and in order to avoid unnecessary discovery law and motion proceedings, the parties hereto hereby agree as follows:

1. **PURPOSES AND LIMITATIONS**

   (A)  Disclosure of Confidential Information shall be limited to the personnel and/or classification of persons listed below:

       (a)   Counsel for Party to this action;

       (b)   Staff personnel employed by counsel for any party;

       (c)   The court and its personnel, in connection with this litigation;

       (d)   Experts or consultants retained to work on this case by counsel for any Party to this case; and

       (e)   Investigators retained by counsel for any party to this case, as indicated above.

   (B)  Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.

   (C)  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled, under the applicable legal principles, to treatment as confidential.  The parties further acknowledge, as set forth in Section 9, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Local Rule 39-141 sets forth the procedures that must be followed and reflects the standards that will be applied when a Party seeks permission from the court to file material under seal, and Local Rule 39-140 governs the filing of redacted materials with the Court.

2. **DEFINITIONS**

   **2.1**  Party: any arty to this action, including all of its officers, directors, employees, attorneys, consultants, retained experts, and outside counsel (and their support staff).

   **2.2**  Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to

discovery in this matter.

**2.3** "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c), including information protected by the right to privacy under the state and federal constitutions.

**2.4** Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**2.5** Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

**2.6** Designating Party: a Party or non-party that designates information or items as Confidential.

**2.7** Protected Material: any Disclosure or Discovery Material that is designated as Confidential.

**2.8** Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

**2.9** House Counsel: attorneys who are employees of a Party.

**2.10** Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

**2.11** Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

**2.12** Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.    SCOPE**

(A)  The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by a Party or counsel to or in court or in other settings that might reveal Protected Material.

(B)  Plaintiff's counsel shall not provide to the plaintiff or witnesses, either orally or in writing, with the addresses and telephone numbers of persons identified within the Confidential Information, but may discuss the information obtained from any investigation conducted with complainants or witnesses.

**4.    DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5.    DESIGNATING PROTECTED MATERIAL**

**5.1  Exercise of Restraint and Care in Designating Material for Protection.**  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.  If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

However, nothing in this protective order will be interpreted to alter the rights and obligations of the CHP under the Information Practices Act, California Civil Code section 1798 et seq., and other applicable law regarding production of information by state agencies that is privileged or protected by law, to the extent applicable.

**5.2  Manner and Timing of Designations.**  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  However, with respect to documents produced prior to the entry and execution of this Order, any Party invoking protection with respect to such material may designate protected information within 20 court days after court approval and entry of this Stipulated Protective Order.

Designation in conformity with this Order requires:

(A)  for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing or Designating Party affix the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or a similar legend, at the top of each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing or Designating Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).  If original documents are being provided for inspection without copies having been made and served on any other party, a Party or non-party that makes such original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  After the inspecting Party has identified the documents it wants copied and produced, the Producing or Designating Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing or Designating Party must affix the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" at the top of each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing or Designating Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

1    (B)   for testimony given in deposition or in other pretrial or trial proceedings,
2 that the Party or non-party offering or sponsoring the testimony, or any other party entitled to
3 invoke protection with respect to protected information,  identify on the record, before the
4 close of the deposition, hearing, or other proceeding, all protected testimony.   When it is
5 impractical to identify separately each portion of testimony that is entitled to protection, or when
6 it appears that substantial portions of the testimony may qualify for protection, the Party or non-
7 party that sponsors, offers, or gives the testimony, or any other party entitled to invoke protection
8 with respect to protected information, may invoke on the record (before the deposition or
9 proceeding is concluded) a right to have up to 20 court days to identify the specific portions of
10 the testimony as to which protection is sought.  Only those portions of the testimony that are
11 appropriately designated for protection within the 20 court days shall be covered by the
12 provisions of this Stipulated Protective Order.   Transcript pages containing Protected Material
13 must be separately bound by the court reporter, who must affix to the top of each such page the
14 legend "CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER" as instructed by the Party or
15 non-party offering or sponsoring the witness or presenting the testimony or any other party
16 entitled to invoke protection with respect to protected information.
17    (C)   for information produced in some form other than documentary, and for any other
18 tangible items, that the Producing or Designating Party affix in a prominent place on the exterior
19 of the container or containers in which the information or item is stored the legend
20 "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."  If only portions of the
21 information or item warrant protection, the Producing or Designating Party, to the extent
22 practicable, shall identify the protected portions.
23    (D)   for information produced by a third-party, such as by subpoena, and claimed by a Party
24 to this action to be entitled to a confidential designation, by notification to all counsel in the
25 action of the Party's desire to designate specific material as confidential, mailed or delivered
26 together with copies of each page of material so claimed (with each copy properly designated as
27 confidential in accordance with the terms of this order), and mailed to all counsel of record
28 within 20 court days after receipt of such material from the third-party, or within 20 court days

after the initial entry by the court of this order, whichever is later.

**5.3   Inadvertent Failures to Designate.**   If timely corrected, an inadvertent failure to designate qualified information or items as Confidential, does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as Confidential after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

## 6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

**6.1   Timing of Challenges.**   Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2   Meet and Confer.**   A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

**6.3   Judicial Intervention.**   A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under this Court's Local Rules that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the moving Party has complied with the meet and confer requirements imposed in the preceding paragraph.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all

parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

**7.   ACCESS TO AND USE OF PROTECTED MATERIAL**

   **7.1   Basic Principles.**  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

   **7.2   Disclosure of "CONFIDENTIAL" Information or Items.**  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Party may disclose any information or item designated CONFIDENTIAL only to:

   (A)  the Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

   (B)  the officers, directors, and employees (including House Counsel) of the Party, to whom disclosure is reasonably necessary for this litigation;

   (C)  experts (as defined in this Order) of the Party, to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

   (D)  the Court and its personnel;

   (E)  court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

   (F)  during their depositions (or at trial, if, in pre-trial or trial proceedings, the Court approves use of this procedure at trial) witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

 (G) the author of the document or the original source of the information, and

 (H) any other person to whom the parties to this Joint Stipulation in writing agree.

 **7.3** Counsel for any Party to this action shall advise those individuals to whom disclosure of Confidential Information is to be made of the contents of this Stipulated Protective Order, and such counsel shall obtain the consent of such individual that he or she will be bound by this Stipulated Protective Order. In the event such individual does not consent to be bound by the Stipulated Protective Order, no disclosure of Confidential Information will be made to such individual.

 **7.4** Nothing in this Stipulated Protective Order nor the production of documents under its terms nor any proceeding pursuant to it shall be deemed to have the effect of an admission or waiver by any Party to this Stipulated Protective Order or of altering the confidential or privileged nature of the documents covered by the Stipulated Protective Order, including the information contained therein, and any summaries, copies or other documents derived in whole in or in part therefrom, or altering any existing obligation of any Party to this Stipulated Protective Order.

 **7.5** Nothing in this Stipulated Protective Order nor the production of documents under the terms of this Stipulated Protective Order nor any proceeding pursuant to this Stipulated Protective Order, shall preclude any Party to this Stipulated Protective Order from pursuing any remedy authorized under the Federal Rules of Civil Procedure, or by law.

**8.** **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

 If a Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order,

and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**9.    FILING PROTECTED MATERIAL.** A Party that seeks to file any Protected Material under seal must comply with Local Rule 39-140. Any Party that intends to file any Protected Material with the Court as part of a motion or other filing, but that does not intend to file a motion to seal, motion for protective order, or motion authorizing redaction as provided for in Local Rule 39-140 must notify the Designating Party as soon as such a determination to file such Protected Material is made, of the Party's intention to file the Protected Materials with the Court, as to permit the Designating Party to apply to the Court for a Protective Order, order authorizing redaction, or order to seal such material. No Party shall delay making such notification in order to deprive a Designating Party of the ability to file an appropriate motion, and no Party shall unreasonably refuse to agree to an Order Shortening Time to hear such motion when necessary to obtain a ruling prior to the filing of the Protected Materials.

**10.   FINAL DISPOSITION.** Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party that has received Protected Material from a Producing Party must return all such Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that

contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

**11. MISCELLANEOUS**

    **11.1** Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    **11.2**    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED:   12/19/07                            /S/   DANIEL S. KODAM                    
                                                                     DANIEL S. KODAM  
                                                          Attorneys for Plaintiff, Melanie Singer

DATED:   12/21/07                            /S/   ERNESTO J. FONG                    
                                                          ERNESTO J. FONG  
                                         Attorneys for Defendants, California Highway Patrol,  
                                         Dana Leach, Jeffrey Baird, and Mark McCormack

**EXHIBIT A**

                                **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

    1.   I, _____ [print or type full name], of _____

_____

_____ [print or type full business/company/agency name and address], have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California in the case of *Singer v. California Highway Patrol*, et al., Case Number

1:07-CV-00193-OWW-SMS.

2. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

3. I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I declare under penalty of perjury, under the laws of the United States of America and the State of California, that the foregoing is true and correct. Executed this _____ day of _____[month], 200___ at _____[City and State where sworn and signed].

Printed name: _____

Signature: _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IT IS SO ORDERED.

**Dated:   January 4, 2008**          **/s/ Sandra M. Snyder**
                                       UNITED STATES MAGISTRATE JUDGE